# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**CERTAIN UNDERWRITERS AT LLOYD'S, et al.**     **CIVIL ACTION**

**VERSUS**                                                              **NO. 14-1947**

**NATIONAL CASUALTY COMPANY**                   **SECTION: "G"(2)**

## ORDER

Before the Court is Defendant National Casualty Company's ("National") "Motion to Reconsider Motion for Continuance,"[1] wherein National contends that good cause exists to continue the trial date because: (1) "the discovery needed to prepare this matter for trial is far more involved than either counsel anticipated at the outset of the case" and "simply cannot be completed before the currently scheduled trial date," owing to its recent identification certain issues in this case; (2) a continuance "would do more to honor the sanctity" of the Court's docket "than adhering to the current trial date;" (3) without a continuance, "the parties may be forced to abandon settlement discussions;" and (4) "adherence to the currently scheduled trial date would deprive it of its right to prepare and appropriate defense."[2]

Plaintiffs have filed a response, in which they aver that they "do not oppose a brief continuance in this matter," but cannot join in National's motion due to: (1) "National's position that it is entitled to conduct discovery" on certain issues; and (2) "disagreements over factual assertions within National's pleading."[3] National has also moved the Court for leave to file a reply in further

---

[1]  Rec. Doc. 20.

[2] Rec. Doc. 20-1 at pp. 1; 9–10.

[3] Rec. Doc. 25 at p. 1.

support of its motion, in which it disputes whether it is entitled to perform the disputed discovery.[4] Finally, Plaintiffs have moved the Court for leave to file a sur-reply, in which Plaintiffs further dispute whether National is entitled to conduct the disputed discovery.[5]

Also pending before the Court is an "Unopposed Motion to Continue Discovery and Pre-Trial Motion Deadlines"[6] filed by Plaintiffs, in which Plaintiffs request that the Court extend the pre-trial motion deadline by 28 days, to August 19, 2015, and extend the discovery deadline by 17 days, until August 19, 2015,[7] because the current deadlines in effect in this matter "leave insufficient time to complete the discovery" believed to be necessary to "file motions that provide the Court will a full and complete picture" of the relevant issues in this case.[8] Plaintiffs further aver that they expect that certain discovery will be subject to motion practice before the Magistrate Judge.[9]

On June 17, 2015, the parties filed an *ex parte* "Joint Motion to Continue Trial,"[10] requesting that the Court continue the trial in this matter currently scheduled for September 14, 2015, asserting that a continuance is necessary because "on May 18, 2015, plaintiffs produced 5,993 pages of documents,"[11] and because "additional discovery likely will be warranted upon completion of the

---

[4] Rec. Doc. 26. The Court will grant this motion in an Order issued separately but signed contemporaneously with this Order.

[5] Rec. Doc. 27-2. The Court will grant this motion in an Order issued separately but signed contemporaneously with this Order.

[6] Rec. Doc. 22.

[7] Rec. Doc. 22-1 at pp. 2-3.

[8] *Id.* at p. 2.

[9] *Id.*

[10] Rec. Doc. 16.

[11] Rec. Doc. 16-1 at 1.

review of that information making compliance with the Court's scheduling order impossible."[12] The Scheduling Order in effect in this matter requires that "[d]epositions for trial use shall be taken and all discovery shall be completed no later than July 14, 2015."[13] The Court denied the motion on June 19, 2015, because: (1) plaintiffs produced these documents almost two months before the deadline for completion of depositions and discovery; (2) the parties modified the discovery deadline out of "professional courtesy," causing the delayed production; and because (3) "[t]here are clearly less disruptive alternatives available to the parties than to continue the trial date and all pre-trial deadlines."[14]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[15] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[16]  When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[17]

---

[12]  *Id.*

[13]  Rec. Doc. 11 at 2.

[14]  Rec. Doc. 17 at p. 2.

[15]  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[16]  *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–*4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[17]  Fed. R. Civ. Pro. R. 54(b)

3

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[18] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[19]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[20] Such a motion "calls into question the correctness of a judgment,"[21] and courts have considerable discretion in deciding whether to grant such a motion.[22] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[23]  Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)     the movant presents newly discovered or previously unavailable evidence;

(3)     the motion is necessary in order to prevent manifest injustice; or

---

[18] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[19] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993); 18B Charles A. Wright, et al, *Federal Practice & Procedure* § 4478.1 (2d ed.)

[20]  *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[21] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[22] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[23] *Id.* at 355–56.

4

(4)     the motion is justified by an intervening change in controlling law.[24]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[25]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[26]  "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[27]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[28] and the motion must "clearly establish" that reconsideration is warranted.[29]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[30]

In its pending motion, National requests reconsideration of the Court's order denying a continuance of the trial date. Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may

---

[24]  *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[25]  *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[26]  *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[27]  *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[28]  *Templet*, 367 F.3d at 478-79 (citation omitted).

[29]  *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[30]  *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

be modified only for good cause and with the judge's consent."[31] Whether to grant or deny a continuance is within the sound discretion of the trial court.[32] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[33]

As the Court noted in its prior Order, there are clearly less disruptive alternatives available to the parties than to continue the trial date and all pre-trial deadlines. The Court also noted in its prior Order that "[i]f an extension of the discovery deadline is required, the parties could request such relief, and the Court will consider such motion if and when filed."[34] In the instant motion, National merely expands upon the same arguments already found insufficient to warrant a continuance of the trial date: that further discovery is required and cannot be timely completed. As the Court has already noted, there are clearly less disruptive alternatives than to continue the trial date and all pre-trial deadlines. Therefore, National has not clearly established its entitlement to reconsideration, and its motion will be denied.[35]

Also pending before the Court, however, is an *ex parte* "Unopposed Motion to Continue Discovery and Pre-Trial Motion Deadlines"[36] filed by Plaintiffs, in which Plaintiffs aver that "good

---

[31] Fed. R.Civ.P. 16(b)(4).

[32] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[33] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)(internal citations omitted).

[34] Rec. Doc. 17 at p. 2.

[35] It appears that the parties have attempted to use the instant motion as a vehicle to litigate specific discovery-related disputes. The Court need not reach these arguments, as National has not clearly established its entitlement to reconsideration of the Court's decision regarding a continuance of the trial date.

[36] Rec. Doc. 22.

cause exists for a brief continuance of the pre-trial deadlines in order to complete the discovery that will allow the Court to fully analyze the issues presented in this litigation."[37] The Court finds that good cause exists to continue the discovery deadline. It will therefore grant this pending motion to this limited extent. However, the parties have not shown good cause to continue any other pre-trial deadline. Therefore, this pending motion will be denied in all other respects.

   **IT IS HEREBY ORDERED** that Plaintiff's "Motion to Reconsider Motion for Continuance"[38] is **DENIED.**

   **IT IS FURTHER ORDERED** that "Unopposed Motion to Continue Discovery and Pre-Trial Motion Deadlines"[39] is **GRANTED IN PART AND DENIED IN PART**.

   **IT IS FURTHER ORDERED** that "Unopposed Motion to Continue Discovery and Pre-Trial Motion Deadlines"[40] is **GRANTED** to the extent that it requests a continuance of the discovery deadline in this matter. The discovery deadline is extended to July 31, 2015.

---

[37] Rec. Doc. 22-1 at p. 1.

[38]  Rec. Doc. 20.

[39] Rec. Doc. 22.

[40] Rec. Doc. 22.

7

**IT IS FURTHER ORDERED** that "Unopposed Motion to Continue Discovery and Pre-Trial Motion Deadlines"[41] is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA**, this __2nd__ day of July, 2015.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[41] Rec. Doc. 22.

8